DENNIS M. COTA, Bar No. 127992
DCota@cotalawfirm.com
DANIEL S. ROBERTS, Bar No. 205535
DRoberts@cotalawfirm.com
COTA COLE LLP
3401 Centrelake Drive, Suite 670
Ontario, CA 91761
Telephone: (909) 230-4209
Facsimile: (909) 937-2034

Attorneys for Defendant CITY OF ONTARIO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KATRINA MENELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ONTARIO, and Does 1-10, inclusive;<br><br>Defendants. | Case No. EDCV 14-285-VAP (SPx)<br><br>**ANSWER TO COMPLAINT** |

Defendant City of Ontario (hereinafter "Defendant") answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. Defendant admits the ADA was passed over two decades ago. Defendant denies all other allegations in paragraph 1.

2. Defendant denies all allegations in paragraph 2.

3. Defendant lacks sufficient information to admit or deny the allegations in paragraph 3 and on that basis denies the same.

4. Defendant lacks sufficient information to admit or deny the allegations in paragraph 4 and on that basis denies the same.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant lacks sufficient information to admit or deny the allegations in paragraph 7 and on that basis denies the same.

8. Defendant admits the allegations in paragraph 8.

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9 and on that basis denies the same.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant lacks sufficient information to admit or deny the allegations in paragraph 12 and on that basis denies the same.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17 and on that basis denies the same.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

## FIRST CAUSE OF ACTION

20. Defendant incorporates all responses to paragraphs 1-19 here.

21. Defendant admits this language is cited in the ADA.

22. Defendant admits the allegations in paragraph 22.

23. Defendant lacks sufficient information to admit or deny the allegations in paragraph 23 and on that basis denies the same.

24. Defendant denies the allegations in paragraph 24.

a. Defendant denies the allegations in subparagraph 24(a).

b. Defendant denies the allegations in subparagraph 24(b).

c. Defendant denies the allegations in subparagraph 24(c).

d. Defendant denies the allegations in subparagraph 24(d).

e. Defendant denies the allegations in subparagraph 24(e).

f. Defendant denies the allegations in subparagraph 24(f).

25. Defendant denies that there was any failure of duties and denies that if there was a failure of duties that it was willful and/or knowing and/or the product of deliberate indifference.

26. Paragraph 26 of the Complaint lacks any factual allegation requiring a response from Defendant. Defendant denies that it has done anything unlawful, and denies that Plaintiff is entitled to judgment as prayed for in the Complaint.

## SECOND CAUSE OF ACTION

27. Defendant incorporates all responses to paragraphs 1-26 here.

28. Defendant admits the quoted language appears in California Government Code Section 11135(a).

29. This paragraph states only legal conclusions and thus, no response is necessary.

30. Defendant admits the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Paragraph 32 of the Complaint lacks any factual allegation requiring a response from Defendant. Defendant denies that it has done anything unlawful, and denies that Plaintiff is entitled to judgment as prayed for in the Complaint.

**THIRD CAUSE OF ACTION**

33. Defendant incorporates all responses to paragraphs 1-32 here.

34. Defendant admits the allegations in paragraph 34.

35. This paragraph states only legal conclusions and thus, no response is necessary.

36. This paragraph states only legal conclusions and thus, no response is necessary.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Paragraph 39 of the Complaint lacks any factual allegation requiring a response from Defendant. Defendant denies that it has done anything unlawful, and denies that Plaintiff is entitled to judgment as prayed for in the Complaint.

**FOURTH CAUSE OF ACTION**

40. Defendant incorporates all responses to paragraphs 1-39 here.

41. Defendant admits the quoted language appears in the Disabled Persons Act.

42. This paragraph states only legal conclusions and thus, no response is necessary.

43. Defendant admits the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Paragraph 45 of the Complaint lacks any factual allegation requiring a response from Defendant. Defendant denies that it has done anything unlawful, and

denies that Plaintiff is entitled to judgment as prayed for in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks proper standing in this action to bring suit.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant alleges that the Complaint and each of its causes of action are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant alleges that the Complaint and each of its causes of action are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, and Consent)**

Defendant alleges that all claims are barred by the doctrines of waiver, estoppel, and consent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant alleges that the Complaint and each of its causes of action are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

Plaintiff is barred from bringing claims based on collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

Plaintiff is barred from bringing claims based on res judicata.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendant alleges that Plaintiff's right to recovery, if any, is reduced, diminished, or barred by reason of the failure, neglect, and refusal of Plaintiff to exercise reasonable diligence and effort to mitigate her damages, if any there be.

**TENTH AFFIRMATIVE DEFENSE**

**(Acts Privileged)**

Defendant alleges that at all times relevant to this action, the acts complained of, if any there were, were privileged under the applicable statutes and case law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Proceed Properly)**

Defendant alleges that Plaintiff is barred from pursuing state-law claims against this Defendant to the extent that Plaintiff failed to proceed as required by California Government Code sections 905, 910, 911.4, 915, and 945.8.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Grievance and/or Administrative Remedies)**

Defendant alleges that Plaintiff is barred from pursuing an action against this Defendant to the extent that Plaintiff failed to exhaust remedies available to Plaintiff through the grievance and/or administrative processes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant reserves the right to amend this Answer to add affirmative defenses should they become available as a result of information discovered in discovery proceedings.

WHEREFORE Defendant prays the Court enter judgment as follows:

1. That Plaintiff take nothing on her Complaint,

2. That Defendant recover its costs of suit, and to the extend permitted by law, its attorney's fees, and

3. For such other and further relief as the Court may deem just and proper.

Dated: March 20, 2014

COTA COLE LLP

By: **/s/ Daniel S. Roberts**
Dennis M. Cota
Daniel S. Roberts
Attorneys for Defendant CITY OF ONTARIO